IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-372-FL

| | |
|---|---|
| DARIUS E. CARLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes now before the court on the parties' cross-motions for judgment on the pleadings. (DE ## 9, 13). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") on January 22, 2008, recommending that defendant's motion be granted and plaintiff's motion be denied. Plaintiff timely filed objections to the M&R on January 31, 2008, and defendant filed response on February 7, 2008. In this posture, the matter is ripe for ruling. For the reasons that follow, the court affirms the decision of the Commissioner.

STATEMENT OF THE CASE

Plaintiff filed his application for disability insurance benefits on April 24, 2003, alleging various back problems. On May 7, 2003, the application was initially denied. Plaintiff filed a request for reconsideration, and this request was denied, as well. A request for hearing by an administrative law judge ("ALJ") was timely filed, and on March 8, 2005 a hearing was held before an ALJ. The ALJ denied plaintiff's application in a decision dated June 20, 2005. Plaintiff then

requested that the Appeals Council of the Social Security Administration conduct further review, and this request was denied in a notice dated July 28, 2005, at which time the ALJ's decision became the final decision of the Commissioner.

Plaintiff filed the instant action on September 13, 2006. On April 2, 2007, plaintiff made motion for judgment on the pleadings, as did defendant on June 14, 2007. On January 22, 2008, the M&R was entered, wherein the magistrate judge recommends granting defendant's motion and denying plaintiff's motion. Plaintiff timely filed objection to the M&R, and defendant timely responded.

STATEMENT OF THE FACTS

Plaintiff, a male veteran of the United States Military, born August 20, 1958, possesses a high school education and technical school training. (Tr. 14, 54) Plaintiff's past work experience includes twenty-one (21) years of employment at the Georgia Pacific Corporation, where for the final three and one-half to four years plaintiff worked as a shift coordinator, where his responsibilities included "ma[king] sure everything was going okay." (Tr. 191) Plaintiff claims he became disabled on or about October 18, 2002, rendering him unable to stand, to lift any weight, to bend from the waist, or to twist his torso. (Tr. 51)

Applying the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520, the ALJ found at step one that the plaintiff "has not engaged in substantial gainful activity since his alleged onset date." (Tr. 14) The second step, considered if the plaintiff is not engaged in substantial gainful work, considers whether the alleged impairment is "severe." An impairment is severe if it significantly limits an individual's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). The ALJ found that the plaintiff suffered from the severe impairments of

2

Case 5:06-cv-00372-FL    Document 19    Filed 03/07/08    Page 2 of 8

degenerative disc disease ("DDD") of the lumbosacral spine and degenerative joint disease of the right knee. (Tr. 20) Progressing to step three of the sequential evaluation, the ALJ found that the plaintiff did not have an impairment(s) that met or equaled one of the listings in appendix 1, subpart P, Regulation No. 4. At step four, the ALJ found that the plaintiff had the residual functional capacity ("RFC") to lift and carry up to ten (10) pounds frequently and twenty (20) pounds occasionally, and to sit and stand for about six (6) hours total during a normal eight (8) hour workday. (Tr. 20) However, these capacities were limited by several restrictions, including such activities as the frequent climbing of ladders or kneeling and crawling. (Id.)

Given the ALJ's assessment of the plaintiff's RFC, the ALJ found that plaintiff "is unable to perform any of his past relevant work." (Tr. 20) At step five of the sequential evaluation, the ALJ concluded that, based on the plaintiff's RFC, age, educational background, and work experience, he was capable of adjusting to and performing "a significant number of jobs in the national economy," such as cashier, office helper, or fast food worker. (Tr. 21) Therefore, the ALJ found the plaintiff not disabled for purposes of this inquiry.

STANDARD OF REVIEW

The court's "primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. In reviewing for substantial evidence, [the court] does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)

(internal citations omitted). Judicial review of administrative decision-making does not end there, because "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. Thus, it is the court's duty to determine both whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The court must not weigh the evidence, however, as it lacks the authority to substitute its judgment for that of the Commissioner. See Id. at 1456. Thus, in determining whether the Commissioner's decision was supported by substantial evidence, the court simply decides whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained the findings and rationale which drove the decision. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997).

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

## DISCUSSION

The magistrate judge evaluated the ALJ's findings in light of the objections made by plaintiff. The magistrate judge principally considered four objections by plaintiff: (1) the ALJ failed to find that plaintiff's lumbosacral DDD equaled listing 1.04B, which concerns spinal arachnoiditis;

4

(2) the ALJ failed to give proper weight to a treating physician's opinion; (3) the ALJ failed to properly evaluate the plaintiff's credibility; and (4) the ALJ failed to properly evaluate the plaintiff's RFC.

Concerning listing 1.04, the magistrate judge found, where the regulations emphasize the importance of ensuring that spinal arachnoiditis is specifically diagnosed and the type of proof sufficient to meet the listing is specified, the plaintiff's ailments can qualify for the listing if and only if the plaintiff actually meets the criteria set forth by the listing. Because plaintiff had not shown evidence of a formal diagnosis of spinal arachnoiditis nor presented operative note, pathology report, or imaging establishing that plaintiff had spinal arachnoiditis, then plaintiff's ailments are sufficiently distinct from listing 1.04B to properly meet the listing. Regarding the plaintiff's claim that the opinions of a treating physician were unduly disregarded, the magistrate judge found that Dr. Davidson's opinions were conclusory in nature and therefore appropriately accorded less weight under the case law that allows an ALJ ascribe different weights to opinions based on a holistic review of the evidence. Concerning the plaintiff's credibility, the magistrate judge found that the ALJ's credibility assessment was supported by substantial evidence, as it cited "specific reasons" for the credibility finding that are "grounded in the evidence." Finally, plaintiff argued that the ALJ's determination that he has the RFC to perform a limited range of light work is erroneous because the ALJ failed to give Dr. Davidson's opinions sufficient weight. Thus, the magistrate judge resolved this contention in favor of the defendant for the reasons presented in response to the plaintiff's third objection.

Plaintiff objects to the M&R on two main grounds, set out below.

1.   The ALJ's Determination Concerning Listing 1.04B

First, plaintiff argues that the "ALJ's statement that [the ALJ] had considered the two musculoskeletal listings is not a sufficient effort on his part to complete his duty to explain what about this record does not convince him that [plaintiff]'s condition meets a listing." Plaintiff argues that the ALJ offered only a conclusory analysis of the record, in violation of Fourth Circuit case law that dictates that an ALJ actually explain the decision, rather than merely report it.

The United States Supreme Court has made it clear that an impairment meets a listing if it satisfies all of the specified medical criteria or if the medical impairment medically equals the criteria. Sullivan v. Zebley, 493 U.S. 521, 530-1 (1990) "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." (Id.) As set forth above, the magistrate judge found that "it appears undisputed that plaintiff does not meet the criteria of listing 1.04B" on the grounds that plaintiff's medical evaluations do not demonstrate the requirements set out in listing 1.04B. Therefore, contrary to plaintiff's claim, the ALJ properly considered and evaluated the listing and the magistrate judge properly considered the evidence that could bear on the question of whether plaintiff presented an impairment that matched the listing or an equivalent impairment. Plaintiff's first objection fails, therefore.

Plaintiff also argues that the magistrate judge did not take full cognizance of the fact that a medically equivalent condition could meet listing 1.04B. The magistrate judge, however, considered just such a situation and determined that the ALJ's determination concerning an equivalent impairment was proper.

2.  The ALJ's Credibility Determination

Plaintiff objects that plaintiff's "doctor's opinions from 2004 and 2005" were unduly

6

"discredited." Moreover, plaintiff argues, the ALJ "must fully and adequately explain why he would choose one [medical] opinion over the other." The Code of Federal Regulations draws a distinction between a physician's medical opinions and his or her legal conclusions. See Morgan v. Barnhart, 142 Fed.Appx. 716, at *2 (4th Cir. Aug. 5, 2005) (unpublished case). "Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [the claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), . . . and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). The ALJ must give a treating physician's medical opinions special weight in certain circumstances. Craig, 76 F.3d at 590 (holding that a treating physician's medical opinion must be given controlling weight only when it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record (quoting 20 C.F.R. § 404.1527(d)(2)).

Here, however, the ALJ accorded the opinions at issue their appropriate weight based on the record before him. The ALJ found that the medical opinions do "not include a function-by-function analysis of claimant's exertional and non-exertional capabilities," and were not "supported by his own treatment notes." Thus, the ALJ's decision is in accordance with Fourth Circuit precedent, as it considered the clinical and diagnostic techniques employed here. Substantial evidence supports the proposition that the medical opinions at issue here were either in conflict with other evidence or wholly conclusory in nature. (See also M&R 12-16.)

7

## CONCLUSION

For the reasons stated above, the recommendations of the magistrate judge are hereby ADOPTED, the motion of the plaintiff (DE # 9) is DENIED and the motion of the defendant (DE # 13) is GRANTED.

SO ORDERED, this the 06th day of March, 2008.

    /s/ Louise W. Flanagan
LOUISE W. FLANAGAN
Chief United States District Judge

8